FILED
United States Court of Appeals
Tenth Circuit

November 30, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARIAN K. PARISE,

     Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

     Defendant-Appellee.

No. 10-3062
(D.C. No. 5:08-CV-04140-JAR)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**GORSUCH**, Circuit Judge.

---

Marian K. Parise appeals from a judgment of the district court affirming the

Commissioner's denial of her application for Social Security disability benefits

and supplemental security income benefits. Exercising jurisdiction under

28 U.S.C. § 1291 and 42 U.S.C. § 405(g), we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

Ms. Parise claimed disability as of July 2005, due to diabetes, high blood pressure, and problems with her back, hip, and leg. Following the administrative denial of her claim, an administrative law judge (ALJ) conducted a hearing in June 2008. In his decision, the ALJ found that Ms. Parise retained the residual functional capacity (RFC) to perform her past relevant work, and thus concluded she was not disabled. The Appeals Council denied her request for review, making the ALJ's denial of benefits the agency's final decision. The district court affirmed.

On appeal, Ms. Parise contends that the ALJ erred: (1) by failing to find that her back, hip, and leg problems were severe impairments at step two; (2) in evaluating the effect of her back, hip, and leg problems on her RFC at step four; and (3) in evaluating her credibility.

II.

"Our review of the district court's ruling in a social security case is de novo." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Under this standard of review "we independently determine whether the ALJ's decision is free from legal error and supported by substantial evidence." *Id*. (internal quotation marks omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires

more than a scintilla, but less than a preponderance." *Id*. (internal quotation marks omitted). "In reviewing the ALJ's decision, we neither reweigh the evidence nor substitute our judgment for that of the agency." *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (internal quotation marks omitted).

## A.

At step two of the five-step sequential evaluation process, the ALJ determines whether the claimant has a medically determinable severe impairment or impairments. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); *see also Wall*, 561 F.3d at 1052. An impairment is severe if it significantly limits a claimant's physical or mental ability to perform basic work activities. *See* 20 C.F.R. §§ 404.1521, 416.921; *see also Wall*, 561 F.3d at 1052. Once an ALJ determines that the claimant suffers from one or more medically determinable severe impairments, he moves to the next step in the sequential evaluation process. Although the ALJ found that Ms. Parise had the medically determinable severe impairments of obesity and hypertension at step two, she argues that the ALJ erred in failing to find that her back, hip, and leg problems were also severe impairments and should have been considered such at step two. We disagree.

As we explained in *Oldham v. Astrue*, 509 F.3d 1254, 1256 (10th Cir. 2007), once the ALJ finds that the claimant has *any* severe impairment, he has satisfied the step two analysis: "The ALJ . . . made an explicit finding that [the

-3-

claimant] suffered from severe impairments. That was all the ALJ was required to do in that regard." Because the ALJ found that Ms. Parise had two medically determinable severe impairments, his failure to find her back, hip, and leg problems were severe impairments, is not grounds for reversal.

B.

Turning to Ms. Parise's next argument, she contends the ALJ's erred in its step-four analysis. The ALJ found that she had the RFC to perform light work, and thus retained the ability to perform her past relevant work as a production worker. Her overarching argument is the assertion "that her RFC prevents her from engaging in her [past relevant work.]" Aplt. Opening Br. at 17. She also asserts the ALJ "failed to make the detailed findings required by the regulations and rulings at step four." *Id*.

Once an ALJ finds a severe impairment at step two, unless he finds the impairment equal a Listing at step three, he proceeds to step four. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e); *see also Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988). Step four is comprised of three phases:

> In the first phase, the ALJ must evaluate a claimant's physical and mental . . . (RFC), and in the second phase, he must determine the physical and mental demands of the claimant's past relevant work. In the final phase, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one. At each of these phases, the ALJ must make specific findings.

*Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996) (citations omitted).

Although it is not entirely clear from the briefing, Ms. Parise appears to argue that the ALJ erred at all three phases of his step-four evaluation. Thus, we address each phase separately.

In determining the claimant's RFC at phase one, the ALJ is required to consider all of the claimant's impairments, including impairments that are not severe. *See* 20 C.F.R. §§ 404.1545, 416.945; *see also Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). In making his RFC determination, the ALJ considered Ms. Parise's severe impairments along with her non-severe impairments, including her back, hip and leg problems. The ALJ's decision contains a discussion of the medical evidence he considered in finding that she retained the RFC to perform light work. Although Ms. Parise does not directly raise the issue, our review of the record indicates that the RFC determination is consistent with the medical evidence, and thus, the ALJ's finding is supported by substantial evidence.

As to the findings at phases two and three, Ms. Parise argues that "the ALJ erred in finding that she could return to her [past relevant work] because he did not make specific findings regarding the demands of her [past relevant work]," Aplt. Opening Br. at 17, and the ALJ "improperly relied on vocational expert [] testimony as the sole basis for his conclusion that Parise's impairments did not

preclude the performance of her [past relevant work]," *id.* The ALJ's decision

states:

> [] The claimant is capable of performing past relevant work as a production worker. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).
> The claimant has past relevant work as a production worker (DOT No. 706.687-010) light/svp-2 . . . . In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually and generally performed.

Aplt. App. at 25. The Dictionary of Occupational Titles # 706.687-010 (4th ed.

1991) explains that the job of production worker is light work and describes the

demands of the job. Thus, the ALJ's phase-two findings are adequate. And there

is no merit to the argument that the ALJ relied solely on the vocational expert's

testimony (VE) for his conclusion at phase three that Ms. Parise could perform

her past relevant work as a production worker. The decision does not mention the

VE's testimony – to the contrary, this conclusion was reached by the ALJ after

comparing the demands of her previous relevant work with her RFC.

## C.

The ALJ concluded that Ms. Parise's "allegations [of disabling pain,

fatigue and weakness] are not credible to establish a more restrictive residual

functional capacity than [a restriction to light work]." Aplt. App. at 25. Ms.

Parise asserts that the ALJ erred in his credibility analysis. We disagree.

-6-

"Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995). After examining the record as a whole, we are persuaded that the ALJ's credibility findings are closely and affirmatively linked to substantial evidence.

In his decision, the ALJ wrote nearly a page about the evidence he considered in reaching his conclusion that Ms. Parise's allegations were not credible. The  decision speaks for itself, and we list just a few of the ALJ's findings, which include:  (1) the lack of any medical treatment typically administered for pain; (2) the lack of any prescription medication for pain relief; and (3) the lack of any medically prescribed assistive device. *See Hargis v. Sullivan*, 945 F.2d 1482, 1489 (10th Cir. 1991) (holding that among the factors that an ALJ should consider when evaluating the credibility of pain testimony are the levels of medication and attempts to obtain relief). The ALJ's findings are closely and affirmatively linked to substantial evidence, and we cannot disturb them on appeal. *See Bowman,* 511 F.3d at 1272 (holding that "we neither reweigh the evidence nor substitute our judgment for that of the agency") (internal quotation marks omitted).

The judgment of the district court is AFFIRMED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge